**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7094

TEVIN J. BREVARD,

　　　　Plaintiff - Appellant,

　　　v.

JENNIFER JIMENEZ, Officer for HRRJ; DAVID HACKWORTH, Superintendent;
M. A. MOORE, Sheriff of Portsmouth, VA,

　　　　Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:18-cv-00840-JAG-RCY)

Submitted:  June 25, 2024                           Decided:  June 27, 2024

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Tevin J. Brevard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tevin J. Brevard seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 action without prejudice for failure to prosecute.  We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 10, 2020, and the appeal period expired on February 10, 2020.  Brevard filed the notice of appeal on October 4, 2023.[*]  Because Brevard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Brevard could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2